```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA,                CIVIL ACTION
EX REL SCHUMANN RAFIZADEH

VERSUS                                   NO. 04-1778

CONTINENTAL COMMON, INC., ET AL          SECTION "C" (3)
```

### ORDER AND REASONS

This matter comes before the Court on second motion to dismiss filed by the defendants, Continental Common, Inc. Basic Capital Management, Inc., Regis Property Management, L.L.C. and Transcontinental Realty Investors, Inc. (collectively "defendants").  Having considered the record, the memoranda of counsel and the law, the Court has determined that the motion should be granted for the following reasons.

This *qui tam* matter concerns the allegedly false and fraudulent provisions in a lease between the defendants and the State of Louisiana Departments of Social Services ("DSS") and Health and Hospitals ("DSS"), both of which are alleged to be "heavily subsidized" by the federal government.  The defendants previously challenged the sufficiency of the relator's claims under

1

False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq*, set forth in the First Amended Complaint, which motion was dismissed as moot with the advent of the Second Amended Complaint.

A district court should dismiss for failure to state a claim only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). <u>United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.</u>, 125 F.3d 899, 901 (5th Cir. 1997). The complaint must be liberally construed in favor of the plaintiff, and all well-pleaded facts accepted as true. <u>Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.</u>, 677 F.2d 1045, 1050 (5th Cir.1982), <u>cert. denied</u>, 459 U.S. 1105 (1983).

The substance of two "Causes of Action" contained in the Second Amended Complaint is as follows:

> 36. Defendants' conduct, as outlined above is subject to liability under 31 U.S.C. § 3729(a) in that month after month, Defendants knowingly submitted false and inflated claims for rental invoices to DHH and DSS, causing DHH and DSS to present same to the United States Government for payment thereof, in accordance with the United States' commitments to fund the Agencies' budgets.
>
> 37. Defendants' knowingly overstated the amount of usable square feet included in the DHH and DSS Leases and, in addition, charged the government in excess of the then going market rates for the existing and non-existing square footage stated in the Leases.

(Rec. Doc. 50. p. 10). The defendants argue, in general, that the

Second Amended Complaint fails to sufficiently identify the relevant statements underlying the claim and fails to allege the provisions of 31 U.S.C. § 3729(a) which apply,[1] that this Court lacks jurisdiction because the information was publically disclosed and that the relator fails to join parties needed for adjudication under Fed R. Civ. P. 19.  They also argue that the Second Amended Complaint is deficient because the relator has not plead with particularity sufficient to satisfy Fed. R. Civ. P. 9(b) and fails to state a claim under Subsections (a)(1) or (a)(2) for the reasons set forth in United States ex re. Totten v. Bombardier, 380 F.3d 488 (D.C. Cir. 2004).

   The relator argues in opposition that the term "claim" under the statute is defined to include a request or demand "if the United States Government provides any portion of the money ... that is requested."  31 U.S.C. §3729(c).  He argues that the Second Amended Complaint alleges that the false and inflated invoices were incorporated "into the budget presented to the United States for funding ..." and that the United States funded a portion of the DHH and DSS budgets.  (Rec. Doc. 55, p. 2).  The relator further argues that a person need not submit the claim in order to be liable under United States ex rel Riley v. St. Luke's Episcopal Hospital, 355 F.3d 370 (5th Cir. 2004) and United States ex rel. Farmer v. City of

---

[1] In opposition to this motion, the relator identifies Sections 3729(a)(1) and 3729(a)(2) as underpinning its claims.

3

Houston, 2005 WL 1155111 (S.D.Tex.).

**Subsections (a)(1) and (a)(2)**[2]

It would appear that the relator's "incorporation into the budget" argument, while innovative, is too tenuous to constitute presentment of the inflated invoices to the United States.  The allegedly inflated invoices were presented to the State of Louisiana, not the federal government.  In support of its argument, the relator relies on the following excerpt from the Riley and Houston courts:

> The FCA applies to anyone who knowingly assists in causing the government to pay claims grounded in fraud, without regard to whether that person has direct contractual relations with the government.  Thus a person need not be the one who actually submitted the claim forms in order to be liable.

Houston, 2005 WL 1155111 at *3, quoting Riley, 355 F.3d at 378.  This quoted rule, however, still requires that the allegedly fraudulent claim itself be presented to the federal government for payment, which is not what is alleged to have happened here.  The

---

[2] Sections 3729(a)(1) and 3729(a)(2) provide for liability to any person who ...

(1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval; [or]

(2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government ...

claim was presented to the State of Louisiana.[3]

The D.C. Circuit in <u>Bombardier</u> did squarely face the issue relevant to this discussion.  There, the defendant Amtrak was a "mixed-ownership government corporation" facing claims based on the relator's use of the Section 31 U.S.C. §3729(c) definition of "claim" to include "claims made to a grantee if the Government provides all or part of the money to pay the claim."  The <u>Bombardier</u> court rejected the "rhetorical sleight of hand ... that this clause must reach any claim where the money 'has already been or is being provided by the Federal Government.'"  <u>Bombardier</u>, 380 F.3d at 493.  It concluded:

> False Claims Act liability will attach if the Government *provides* the funds to the grantee *upon presentment of a claim* to the Government.  Liability will also attach if, after the grantee presents the claim, the Government *provides* the funds directly to the claimant ... liability will attach if the Government – again upon presentment of a claim – reimburses the grantee for funds that the grantee has already disbursed to the claimant.  Nothing about the language of subsection (c) requires ignoring that of subsection (a)(1) to make sense of the statute.

<u>Bombardier</u>, 380 F.3d at 493 (emphasis original).

---

[3] In fact, the Fifth Circuit in <u>Riley</u> recognized the following requirements for a successful FCA claim:
> To state a claim under the FCA, subsection (a)(1), a relator must allege that the defendant "knowingly" made a "false or fraudulent claim" to the United States Government.  ... Similarly, to state a claim under subsection (a)(2), the relator must allege that the defendant "knowingly" made or used "a false record or statement to get a false or fraudulent claim" paid by the Government.

<u>Riley</u>, 355 F.3d at 376.

Subsection (a)(2) liability was also addressed by the Bombardier court. "Making false records or statements to get a false claim paid or approved by Amtrak is not making or using 'a false record or statement to get a false or fraudulent claim paid or approved *by the Government.*'"  Bombardier, 380 F.3d at 498 (emphasis original).

> If Congress had intended to predicate liability under subsection (a)(2) on payment or approval *either* by the Government itself *or* by a grantee using federal funds, then a reference to false records or statements made "to get a false or fraudulent claim paid or approved" would have been enough. ... Notably, Congress did not say "by the Government or a grantee, contractor, or other recipient as provided in subsection (c) of this section."

Bombardier, 380 F.3d at 498-499.

**Other defenses**

This Court finds that the defendants' arguments relating to the alleged deficiencies for failure to plead with particularity sufficient to satisfy Fed. R. Civ. P. 9(b) are unavailing, and may really focus on the fundamental shortcoming with the "budget" reliance with respect to the claims. It appears that the arguments concerning "public disclosure" and joinder under Rule 19 have been abandoned with the Second Amended Complaint.

Accordingly,

IT IS ORDERED that the second motion to dismiss filed by the defendants, Continental Common, Inc. Basic Capital Management, Inc., Regis Property Management, L.L.C. and Transcontinental Realty

Investors, Inc. is GRANTED.

New Orleans, Louisiana, thiS 10TH day of April, 2006.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE